UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In re:

    KEVIN MATHEWS                                    BK-16-11692
        Debtor(s)                                    Chapter 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan (The "Plan") on May 23, 2017. Debtor(s) filed a Certificate of Service on May 23, 2017, reflecting that the Plan and any applicable motions were served on all creditors and parties-in-interest. No objections to the confirmation of the plan or motions were filed, or all objections were overruled by the Court or resolved by the parties as set forth in the summary of disbursements and addendum attached hereto and incorporated herein. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed.  The term of the Plan is 60 months.

2. The motion to modify the secured claim N/A

3. The motion to avoid the lien N/A

4. The motion to assume or reject lease N/A

5. In addition to pre-confirmation payments required by the Debtor through July 2017, the Debtor shall pay to the Office of the Chapter 13 Trustee, P.O. Box 2561, Providence, Rhode Island 02906, the sum of $2,450.00 per month commencing August 2017 for 50 months.

6. The effective date of confirmation of the Plan is July 19, 2017.

7. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary of disbursements.

8.  Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case.  All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

9.  The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court.  The Debtor shall be responsible for preserving and protecting all property of the estate.

10. The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan, where it shall be made to appear at a hearing upon such notice as the Court may designate, that the circumstances so warrant or so require.

11. The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

12. The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

13. Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the Debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the Debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may enter.

14. Upon completion of the plan, discharge shall enter unless: (a) after motion and hearing the Court determines that the Debtor is not entitled to one pursuant to 11 U.S.C. § 1328(h), or; (b) the Debtor is otherwise not entitled to one pursuant to 11 U.S.C. § 1328.

15. The plan meets all of the requirements set forth in 11 U.S.C. § 1325(a).

16. This order is effective for the plan confirmed on July 19, 2017 as well as any amended plan approved by the Court, post confirmation, upon the entry of an order granting a Motion to Approve a post confirmation plan, unless a new order is deemed necessary.

*Diane Finkle*
Diane Finkle
United States Bankruptcy Judge
District of Rhode Island
Date: 8/11/2017

CERTIFICATION

I hereby certify that a copy of the within Order Confirming Chapter 13 Plan was mailed, postage prepaid, to Kevin Mathews, 51 Outlook Avenue, East Providence, RI 02914 and electronically mailed to Christopher Lefebvre, Esq. at court@lefebvrelaw.com on August 2, 2017.

/s/ Dana A. Westerkamp

In re:   Kevin Mathews                                    BK-16-11692

### SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

All disbursements set out below and in this Order Confirming Plan will be made only upon the filing of a proof of claim duly proved and allowed by the Court.

A. DOMESTIC SUPPORT OBLIGATION CLAIMS

   None

B. ADMINISTRATIVE CLAIMS

   Attorney's fees due to Christopher Lefebvre, Esq. in the amount of $2,520.00 shall be paid first.

C. PRIORITY CLAIMS

   Priority tax claims for which claims are properly filed and duly proved and allowed by the Court shall be paid next.

D. SECURED CLAIMS

   Wells Fargo Bank, N.A. will be paid its pre-petition mortgage arrearage in the amount of $96,639.00 as set out in claim no. 2-1 filed November 10, 2016 next after payment of administrative and priority claims.

   The debtor(s) shall be responsible for the ongoing monthly mortgage payments to Wells Fargo Bank, N.A. outside the plan.

E. UNSECURED CLAIMS

   All unsecured creditors shall receive 100% of the amount of their claims duly proved and allowed by the Court.

F. OTHER PERTINENT PROVISIONS

   None

In re:  Kevin Mathews                                               BK-16-11692

<u>ADDENDUM</u>

The Plan as filed has been modified by the terms of this Order as follows:

**Section I.A.**

The Plan payment is changed from $2,097.00 per month for 60 months to pre-confirmation plan payments required by the Debtor through July 2017 ($14,924.33) and $2,450.00 per month commencing August 2017 for 50 months.

**Section VI.B.**

The approximate amount to be distributed to unsecured creditors is changed from approximately 10% to 100%.