**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

IN RE:

Kevin George Mathews

Wells Fargo Bank, N.A.

VS.

Maryann Mathews

CHAPTER 13
CASE NO.: 16-11692-DF

**SUPPLEMENTAL DECLARATION IN SUPPORT OF**
**MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY**

I, Rebekah Puah Roper, declare under penalty of perjury as follows:

1.      I am a/an **Vice President Loan Documentation** of **Wells Fargo Bank, N.A.**

("Wells Fargo") and am authorized to sign this supplemental declaration on behalf of Wells

Fargo.  This supplemental declaration is provided in support of the Motion for Relief from Stay

(the "Motion") filed contemporaneously herewith.

2.      As part of my job responsibilities for Wells Fargo, I have personal knowledge of

and am familiar with the types of records maintained by Wells Fargo in connection with the

account that is the subject of the Motion (the "Account") and the procedures for creating those

types of records.  I have access to and have reviewed the books, records and files of Wells Fargo

that pertain to the Account and extensions of credit given to the Debtor(s) concerning the

property securing such Account.

3.      The information in this supplemental declaration is taken from Wells Fargo's

business records regarding the Account.  The records are: (a) made at or near the time of the

occurrence of the matters recorded by persons with personal knowledge of the information in the

403-NTL-V9

business record, or from information transmitted by persons with personal knowledge; and

(b) kept in the course of Wells Fargo's regularly conducted business activities.  It is the regular

practice of Wells Fargo to create and maintain such records.

     4.     The Debtor(s)  has executed and delivered or is otherwise obligated with respect

to the attached promissory note (the "Debt Agreement").  Pursuant to the attached Mortgage (the

"Security Instrument"), all obligations of the Debtor(s) under and with respect to the Debt

Agreement and the Security Instrument are secured by the property referenced in the Motion.

The terms of the Debt Agreement were amended by the attached loan modification agreement

entered into by and between Wachovia Mortgage, FSB and the Debtor(s) dated May 22, 2009

(the "Loan Modification Agreement").

     5.     As of April 4, 2018, there are one or more defaults in paying post-petition

amounts due with respect to the Debt Agreement.

     6.     As of April 4, 2018, the unpaid principal balance of the Debt Agreement is

$255,958.96.

     7.     The following chart sets forth those post-petition payments, due pursuant to the

terms of the Debt Agreement, that have been missed by the Debtor(s) as of April 4, 2018:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 2 | 11/15/17 | 12/15/17 | $1,528.83 | $563.81 | $2,092.64 | $4,185.28 |
| 1 | 1/15/18 | 1/15/18 | $1,528.83 | $615.82 | $2,144.65 | $2,144.65 |
| 2 | 2/15/18 | 3/15/18 | $1,528.83 | $385.04 | $1,913.87 | $3,827.74 |
| Less post-petition partial payments (suspense balance): ($0.00) | | | | | | |

Total: **$10,157.67**

     8.     As of April 4, 2018, the total post-petition arrearage/delinquency and amount

necessary to cure the post-petition default alleged in the Motion is $10,157.67, consisting of (i)

403-NTL-V9

the foregoing total of missed post-petition payments in the amount of $10,157.67, plus (ii) the

following post-petition fees[1]:

| Description | Amount |
|-------------|--------|
| N/A | N/A |

    9.    The following documents are attached as exhibits and incorporated herein by

reference:

    (a)    Attached hereto as Exhibit [_A_] is a true and correct copy of the Debt
Agreement.

    (b)    Attached hereto as Exhibit [_B_] is a true and correct copy of the Security
Instrument.

    (c)    Attached hereto as Exhibit [_C_] is a true and correct copy of the Loan
modification agreement.

    (d)    Attached hereto as Exhibit [_D_] is a post-petition payment history.

    I hereby declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.  Executed this 9th day of _April_, _2018_.

Name: Rebekah Puah Roper
Title:  Vice President Loan Documentation
Wells Fargo Bank, N.A

---

[1] The total of missed post-petition payments for this impounded loan include any missed escrow payments.  Such missed escrow payments include amounts assessed for taxes and insurance and any previously assessed escrow shortage amount (if applicable).  To avoid duplication, post-petition advances (if any) made for insurance, real estate taxes, or similar charges are not listed separately to the extent such advances would have been paid from the missed escrow payments.  As part of the next annual RESPA analysis, Wells Fargo will determine whether the escrow payments assessed to the debtor (including the missed escrow payments) result in a projected escrow shortage or overage.  All rights are hereby reserved to assert or request any escrow amounts in accordance with RESPA and the total post-petition arrearage/delinquency is qualified accordingly.

4U3-NTL-V9

# **Exhibit [D]**

Debtor name:  KEVIN MATHEWS

Bk Filing Date:  9/29/2016

First PP PmtDueDate/Amt:  10/15/2016 / $2092.89

| Post Petition Due Date | Classified Payment Amount Due | Date Funds Received | Transaction Amount Received | Date Funds Applied | Amount Applied to Principal | Amount Applied to Interest | Escrow Applied Disbursed | Amount Paid to Fees | Optional Insurance | Classified Total Amount Applied | Debtor Suspense Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | $0.00 |
| 10/15/2016 | $2,092.89 | 11/21/2016 | $2,109.97 | | | | | | | | $2,109.97 |
| 11/15/2016 | $2,092.89 | | | 12/2/2016 | $0.19 | $970.54 | $333.20 | | | $2,092.89 | $17.08 |
| 12/15/2016 | $2,092.89 | 12/23/2016 | $2,109.97 | | | | | | | | $2,127.05 |
| 1/15/2017 | $2,092.89 | | | 12/29/2016 | $0.19 | $970.54 | $333.20 | | | $2,092.89 | $34.16 |
| 2/15/2017 | $2,092.89 | 1/27/2017 | $2,109.97 | | | | | | | | $2,144.13 |
| 3/15/2017 | $2,092.89 | | | 2/1/2017 | $0.21 | $1,023.86 | $333.20 | | | $2,092.89 | $51.24 |
| 4/15/2017 | $2,092.89 | 2/27/2017 | $2,109.97 | 2/27/2017 | $0.21 | $1,023.86 | $333.20 | | | $2,092.89 | $68.32 |
| 5/15/2017 | $2,092.89 | 3/30/2017 | $2,009.92 | | | | | | | | $2,078.24 |
| 6/15/2017 | $2,092.89 | 5/8/2017 | $2,092.89 | 5/8/2017 | $0.21 | $1,023.86 | $333.20 | | | $2,092.89 | $2,078.24 |
| 7/15/2017 | $2,092.64 | 5/8/2017 | $17.03 | 5/8/2017 | $0.22 | $1,023.85 | $333.20 | | | $2,092.89 | $2.38 |
| 8/15/2017 | $2,092.64 | 9/8/2017 | $2,092.89 | 9/8/2017 | $0.22 | $1,023.86 | $333.20 | | | $2,039.56 | $55.71 |
| 9/15/2017 | $2,092.64 | 9/8/2017 | $2,092.89 | 9/8/2017 | $0.22 | $1,077.18 | $333.20 | | | $2,092.89 | $55.71 |
| 10/15/2017 | $2,092.64 | 9/8/2017 | $2,092.89 | 9/8/2017 | $0.23 | $1,077.18 | $333.20 | | | $2,146.22 | $2.38 |
| 11/15/2017 | $2,092.64 | 9/8/2017 | $2,092.64 | 9/8/2017 | $0.23 | $1,077.17 | $333.20 | | | $2,092.64 | $2.38 |
| 12/15/2017 | $2,092.64 | 9/15/2017 | $2,090.26 | 9/15/2017 | $0.23 | $1,077.17 | $333.20 | | | $2,092.64 | $0.00 |
| 1/15/2018 | $2,144.65 | 10/11/2017 | $2,092.64 | 10/11/2017 | $0.23 | $1,077.17 | $333.20 | | | $2,092.64 | $0.00 |
| 12/15/2017 | $2,092.64 | | | | | | | | | | |
| 1/15/2018 | $2,144.65 | | | | | | | | | | |
| 2/15/2018 | $1,913.87 | | | | | | | | | | |
| 3/15/2018 | $1,913.87 | | | | | | | | | | |
| **Totals** | $37,364.24 | | $27,206.57 | | $2.80 | $13,523.41 | $4,331.60 | $0.00 | $0.00 | $27,206.57 | |

Case Number:  1611692